IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIMPFRONIA TAYLOR,

    Plaintiff,

      v.

HEATH W. WILLIAMS, L.L.C.., et al,

    Defendants.

CIVIL ACTION FILE
NO. 1:06-CV-2155-TWT

ORDER

    This is an action brought under the Fair Debt Collection Practices Act.  It is before the Court on the Defendants' Motion to Dismiss [Doc. 2].  For the reasons set forth below, the Defendants' motion is GRANTED in part and DENIED in part.

I. BACKGROUND

    This claim arises out of debt collection activities initiated against the Plaintiff, Simpfronia Taylor, by Defendants PDQ Services, Inc., Jeff Smart, and Heath W. Williams, L.L.C.  On February 18, 2004, the Plaintiff signed a lease on a unit in an apartment complex owned by In-Town Land Company, Inc. d/b/a Dupont Place Apartments ("Dupont Place").  According to the Complaint, the Plaintiff signed the lease for the benefit of another individual, Kathy Hughes, and the Plaintiff was never

an actual resident of Dupont Place. (Compl., ¶ 13.) After Hughes failed to pay rent, Dupont Place filed a dispossessory warrant against the Plaintiff in the State Court of DeKalb County, Georgia on August 19, 2004. Judgment was subsequently entered against the Plaintiff in the amount of $1,213.34, plus court costs and interest. The Plaintiff made payments of $500.00 and $200.00, which were credited to the lease account by October 1, 2004. The Plaintiff then mailed a check to Dupont Place for $513.34 on February 14, 2005, which she believed to be the remaining balance on the account.

On March 1, 2005, however, Dupont Place sent the Plaintiff a letter advising her that these payments had been applied to her account, but that a balance of $2,247.65 remained. These new charges included, among other things, October rent and a "concession payback" charge. Dupont Place subsequently gave its state court judgment to Defendant PDQ, a debt collection service, for enforcement of the debt. The Plaintiff alleges that in April 2006, she received a telephone message from Defendant Smart regarding this alleged debt.[1] Upon returning the phone call, she alleges that the call was answered as "PDQ Services" and that she was then transferred to Smart. He informed her that there was an outstanding judgment against her in an

---

[1] Smart is a fictitious name used by the PDQ employee who participated in the collection of this alleged debt.

amount in excess of $2,000.00.  The Plaintiff, believing this statement to be false, responded simply, "No you don't."

On April 24, 2006, Defendant Heath W. Williams, L.L.C. filed a garnishment action against the Plaintiff's employer, the University of Georgia, in the Magistrate Court of Athens-Clarke County, Georgia.  The garnishment pleading stated that the Plaintiff was indebted "in the sum of $1,433.90 representing $1,213.34, Principal, $144.06, interest, $0.00, attorney's fees and $76.50 in original court costs."  (Compl., ¶ 37.)   Defendant PDQ subsequently mailed a certified letter to the Plaintiff.  However, when the Plaintiff went to the post office to retrieve this letter and discovered that it was from PDQ, she refused to accept it.  She thus did not learn of the garnishment proceeding until around May 2, 2006, when she received a letter from her employer alerting her that a garnishment claim had been filed against her.

On May 4, 2006, the Plaintiff filed a Request for a Traverse Hearing in the magistrate court disputing the validity of this garnishment.  The court scheduled a hearing for May 12, 2006.  Despite being notified in advance, Defendant Williams did not appear.  At that hearing, the magistrate judge ordered that the garnishment be dismissed with prejudice.  That same day, Defendant Williams sent a letter to the magistrate court addressing service on the Plaintiff, which stated in part: "Please make

the appropriate notation in the file, so that funds will be paid after the Garnishee files an answer."  (Compl., Ex. F.)

On May 15, 2006, Smart mailed the Plaintiff a letter stating that she still had a balance of $1,498.90 on the Dupont Place account.  The letter also claimed that the Defendants had previously sent her a letter on April 14, 2006, providing her with "a first notice of placing your account for collection."  (Compl., Ex. G.)  The Plaintiff then learned on May 16, 2006, that, as a result of the garnishment, $380.65 had been deducted from her payroll check.[2]

On May 30, 2006, the Plaintiff's counsel sent a letter to Defendant Williams informing him that the Plaintiff did not owe the alleged debt and providing documentation of her prior payments on this account.  This letter was not received by Williams until June 2, 2006.  In the meantime, Williams filed a Suit on Account against the Plaintiff in the Magistrate Court of Athens-Clarke County.  This lawsuit acknowledged that the Plaintiff had paid the previous judgment, but sought to recover accrued rent and other charges in the amount of "$3,166.55 representing $2,247.46 principal, $449.54 interest, $404.55 attorney's fees, and $65.00 costs to date." (Compl., ¶ 83.)

---

[2]She alleges that she did not have use of this income "for about one week." (Compl., ¶ 103.)

The Plaintiff filed this Complaint on September 11, 2006, alleging several claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., arising out of the Defendants' conduct in seeking to collect on this alleged debt. Included are allegations that the Defendants violated the following provisions of the FDCPA: (1) 15 U.S.C. § 1692e; (2) 15 U.S.C. § 1692g; (3) 15 U.S.C. §§ 1692b and 1692c(b); (4) 15 U.S.C. § 1692d; and (5) 15 U.S.C. § 1692f.  She also claims that the Defendants failed to comply with the garnishment notification provisions required under O.C.G.A. § 18-4-64.  The Defendants have moved to dismiss these claims.

## II.  MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied,

474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.

## III. DISCUSSION

### A. FDCPA Claims

The FDCPA was enacted in 1977 to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors."  Pearce v. Rapid Check Collection, Inc., 738 F. Supp. 334 (D. S.D. 1990) (citing S. Rep. No. 95-382, at 1 (1977)).  Its purpose is "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The Plaintiff alleges that the following provisions of the FDCPA have been violated.

#### 1. 15 U.S.C. § 1692e – False or Misleading Representations

Section 1692e prohibits a debt collector from making any false, deceptive or misleading representations in connection with the collection of a debt.  This includes (1) falsely representing the "character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2); or (2) "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15

U.S.C. § 1692e(10).   To state a valid claim under subsection (10), moreover, a plaintiff must show only that the misrepresentation would have deceived or misled the least sophisticated consumer.   See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1177 (11th Cir. 1985); see also Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 995 (7th Cir. 2003). The Plaintiff alleges that Smart and PDQ's April 2006 and May 15, 2006, communications with her and Williams's representations in the garnishment proceeding violated these provisions.   She also contends that Williams should be held liable for failing to exercise professional judgment in determining whether the debt was delinquent.   The Court will separately consider the sufficiency of each of these claims.   The Plaintiff contends that two communications from Defendants Smart and PDQ to her violated this statute.   First, in her initial conversation with Smart concerning this debt, she claims that he falsely represented "the character, amount, or legal status" of the debt in violation of subsection (2) by telling her that there was a judgment against her in excess of $2,000.   The Defendants argue that this statement was true because, as the Plaintiff admits, there was a judgment against her and the amount stated by Smart was the same amount Dupont Place told her was the outstanding balance on her account.   This argument misses the point, however.   The Plaintiff alleges that Smart misrepresented the debt by telling her that there was a "judgment" against her for over $2,000, when in fact the judgment was for

significantly less than that.  (Compl., ¶ 30.)  This statement was arguably false, and if proven, constitutes a false representation under the statute.

For the same reason, the Court finds that the Plaintiff has sufficiently alleged that the Defendants' May 15 letter violated this provision.  The letter states that she had a balance due of $1,498.90 and that the Defendants had previously sent a "first notice" letter on April 14, 2006, alerting her that they were attempting to collect on her account.  (Compl., Ex. G.)  She contends that this conduct violated both subsections (2) and (10) because she did not owe that amount and they had not sent a first notice letter.  The Court finds these allegations sufficient to state a claim under these provisions and thus denies the Defendants' motion to dismiss.

The Plaintiff next claims that the Defendants' filing of the April 24, 2006, garnishment proceeding violated this section because they falsely represented the amount that was due and used deceptive means to collect the debt.  See 15 U.S.C. § 1692e(2), (10).  In their motion to dismiss, the Defendants contend that the Complaint fails to allege that Dupont Place was pursuing money that was not owed. This is patently untrue.   The Complaint specifically alleges that in the garnishment proceeding, the Defendants claimed that the Plaintiff was indebted for the entire principal judgment, $1,213.34, (Compl., ¶ 37), even though she had already paid this

amount.  (Compl., ¶¶ 20-25.)  The Court thus finds that the Defendants' motion for dismissal is without merit as to this claim.

The Plaintiff also claims that Defendant Williams, as an attorney, was required to exercise independent judgment in determining whether the debt was delinquent. Although she does not specify the relevant provision of the FDCPA, she cites a couple of Seventh Circuit opinions in support of this argument.  See Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001).  The FDCPA violation identified in these cases, however, occurred when an attorney on his own letterhead sent a dunning letter to a consumer, giving the false impression that he had reviewed the creditor's claim. Nielsen, 307 F.3d at 635; Boyd, 275 F.3d at 644. As explained in Nielsen, 307 F.3d at 635:

> [A] debt collection letter that is issued on an attorney's letterhead and over his signature conveys the notion that the attorney has "directly controlled or supervised the process through which the letter was sent"-i.e., that he has assessed the validity of the debt, is prepared to take legal action to collect on that debt, and has, accordingly, decided that a letter should be sent to the debtor conveying that message.

The conduct described in Nielsen and Boyd was thus in violation of 15 U.S.C. § 1692e(3) because the attorney debt collector had represented that the communication was from him, when in fact he had not assessed the claim's validity.

Here, however, the Plaintiff is not alleging that Williams falsely represented that a letter concerning this debt was from him.  She alleges only that he failed to

make an individualized assessment as to the validity of the Plaintiff's debt before

filing the garnishment proceeding.  The Plaintiff has failed to identify any provision

of the FDCPA that imposes a general duty on attorneys to exercise professional

judgment in assessing a debt.  Indeed, as discussed above, an attorney's incentive to

investigate a debt arises not out of his professional duty, but because the FDCPA

imposes sanctions on him if he attempts to collect on an invalid debt.  See generally

15 U.S.C. § 1692e.  The Seventh Circuit decisions cited by the Plaintiff, moreover,

relate specifically to an attorney's duty under 15 U.S.C. § 1692e(3) to evaluate an

alleged debt before issuing a dunning letter on his letterhead and with his signature.

Because no such letter was issued in this instance, the cited cases are unpersuasive.

This claim should be dismissed for failure to state a claim.

### 2. 15 U.S.C. § 1692g – Validation of Debts

Section 1692g provides the requirements a debt collector must follow in the

validating a debt.  First, the statute mandates that within five days after it makes initial

contact with a consumer, it must send to the consumer written notice of that debt.  15

U.S.C. § 1692g(a).  Second, following the receipt of this notice, the consumer has 30

days in which to notify the debt collector that she contests the debt.  15 U.S.C. §

1692g(b).  If the consumer does so, the debt collector must cease all debt collection

activities until it obtains verification of the debt and mails a copy to the consumer. Here, the Plaintiff brings claims under each of these subsections.

The Plaintiff contends that Defendants PDQ and Smart violated subsection (a) because they never sent any notice of the debt following Smart's initial phone conversation with her. The Defendants argue that she has alleged only that she did not <u>receive</u> a notice letter, which does not constitute a violation of this provision. <u>See Mahon v. Credit Bureau of Placer County Inc.</u>, 171 F.3d 1197, 1201 (9th Cir. 1999) ("[S]ection 1692g(a) requires only that a Notice be 'sent' by a debt collector."). The Court does not find the Defendants' interpretation of the Plaintiff's allegations to be accurate, however. The Complaint clearly alleges that neither Smart nor PDQ "provided" notice to the Plaintiff. (Compl., ¶ 33.) Construed in the light most favorable to the Plaintiff, the Court finds that this pleading sufficiently alleges that no notice was ever sent by the Defendants. Dismissal is thus inappropriate.

The Plaintiff further claims that Defendant Williams was required under section 1692g(a) to provide her with notice before filing the garnishment action. The Eleventh Circuit has explicitly held, however, that "a legal action does not constitute an 'initial communication' within the meaning of the FDCPA..." <u>Vega v. McKay</u>, 351 F.3d 1334, 1337 (11th Cir. 2003). In that case, the plaintiffs asserted that the complaint package they received from the defendant lessors concerning their debt on

a trailer park lease did not constitute a valid debt verification notice under section 1692g(a).  The court found that the complaint package did not qualify as an initial communication.  Therefore, the plaintiffs had no claim.  Although Taylor's argument is slightly different, the principle enunciated applies equally here.  She claims that the Defendants should have provided her with notice <u>before</u> filing the garnishment action. (Compl., ¶ 41.)  If a legal action cannot constitute an initial communication under the FDCPA, however, then clearly the statute does not require that a litigant provide notice to the consumer before filing it.  The only notice requirements related to a state garnishment proceeding are contained in O.C.G.A. § 18-4-64.  This claim should thus be dismissed.

The Plaintiff also makes several claims under section 1692g(b), alleging that the Defendants continued their debt collection activities even though they had failed to provide notice of the debt.  She argues that this section was violated because the Defendants (1) failed to dismiss the garnishment action after the Plaintiff disputed the debt, (2) did not notify the magistrate court that their attorney would not appear at the garnishment proceeding, and (3) sent a letter to the Athens-Clarke County Magistrate Court Judge regarding this claim.  She also contends that the Defendants violated this provision by allowing the subsequent Suit on Account to proceed against her and failing to provide her with verification of the debt.

The Defendants argue that these actions are exempt from liability because the filing of a lawsuit or other state court proceeding is not considered a debt collection activity under the statute.   In support of this contention, they cite <u>Shimek v. Weissman, Nowack, Curry & Wilco, P.C.</u>, 374 F.3d 1011, 1013 (11th Cir. 2004), which held that section 1692g "does not extinguish a creditor's right to secure a debt under state law, but instead merely prohibits deceptive collection techniques."   A more thorough reading of the case reveals, however, that the only question at issue concerned whether a debt collector, prior to receiving a request for verification of the debt, was permitted contemporaneously to file a lien and send a dunning letter to a consumer.  <u>Id.</u>  The Eleventh Circuit concluded that this activity was okay.  Contrary to the Defendants' assertions, however, the case did not hold that a lawsuit was not debt collection activity under the FDCPA.  Indeed, this Court has explicitly stated the opposite.  <u>See</u> <u>Anderson v. Frederick J. Hanna & Assocs.</u>, 361 F. Supp. 2d 1379, 1383 (N.D. Ga. 2005) (Shoob, J.) (holding that a lawsuit "obviously" constitutes an attempt to collect a debt).   Other courts, moreover, have similarly found that lawsuits do constitute debt collection activities and must be suspended once a consumer gives notice that she is contesting the debt.  <u>See</u> <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501 (7th Cir. 1997) ("The debt collector is perfectly free to sue within thirty days; he just must cease his efforts at collection during the interval between being asked for verification

of the debt and mailing the verification to the debtor."); <u>McDaniel v. South & Assocs.,</u> <u>P.C.</u>, 325 F. Supp. 2d 1210, 1217 (D. Kan. 2004) (finding that under the FDCPA, a debt collector cannot file a lawsuit after the consumer disputes the debt).

Here, of course, the Plaintiff did not have the opportunity to dispute the debt as provided under section 1692g(a) if, as she alleges, the Defendants failed to properly notify her of the debt following the initial communication in April 2006. This failure does not relieve the Defendants of their responsibilities under subsection (b), however. To allow a debt collector to avoid liability under subsection (b) where it fails to comply with subsection (a) would encourage it to ignore the notice requirements and proceed with debt collection in the hopes that the consumer, uninformed of her rights, would opt to pay the debt rather than contest it. Certainly, once the Plaintiff filed for a traverse hearing, thus alerting the Defendants that she disputed the debt, they should have refrained from taking any further action in the garnishment proceeding until they received verification of the debt and provided it to the Plaintiff.

Although the Defendants were required to suspend their debt collection activities, it does not automatically follow that each of the Plaintiff's claims constitutes a violation of this subsection. The law's intent is to provide the consumer, if she properly disputes the debt, with a "grace period" during which time the debt collector cannot pursue the debt until he has confirmed its validity. <u>See</u> <u>McDaniel</u>,

325 F. Supp. 2d at 1217.  Thus, if the Plaintiff can demonstrate that the Defendants violated subsection (a) by failing to send her a notice letter, then they have also violated subsection (b) by sending a garnishment letter to her employer and filing a subsequent lawsuit.  The Court does not find, however, that the Defendants violated the statute by failing to notify the magistrate court that their attorney would not appear at the traverse hearing.  This failure could hardly be construed as a debt collection activity.  This claim is without merit.  If the Defendants simply filed the garnishment action without communicating with the Plaintiff, they could not be held liable under this provision.  However, because they did communicate with her, they were required to provide notice.  Accordingly, the Plaintiff's allegations that the Defendants proceeded with the garnishment, sent a letter to her employer, and filed the Suit on Account without properly notifying her of the debt constitute invalid debt collection activities under this statute and thus should not be dismissed.[3]

---

[3]The parties also dispute whether the doctrine of res judicata barred the Defendants from bringing the Suit on Account for later accrued rent and other charges.  The Plaintiff contends that the doctrine prohibits this subsequent lawsuit because the State Court of DeKalb County had already issued a judgment based on the Plaintiff's failure to pay rent.  This doctrine, codified at O.C.G.A. § 9-12-40, provides that:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

3. <u>15 U.S.C. §§ 1692b & 1692c(b)</u>

Defendants Williams and PDQ next challenge the Plaintiff's allegations that

they violated the FDCPA's restrictions on third party communication by contacting

_____

Application of the doctrine requires, *inter alia*, that the issue be previously adjudicated on the merits by a court of competent jurisdiction. <u>See</u> <u>Atlanta J's, Inc. v. Houston Foods, Inc.</u>, 237 Ga. App. 415, 417 (1999). Res judicata does not, however, bar a landlord from seeking rents that come due after the initial dispossessory warrant. <u>See</u> <u>SBP Management, LLC v. Price</u>, 277 Ga. App. 130, 133 (2006); <u>Lowenberg v. Ford & Assocs., Inc.</u>, 165 Ga. App. 753 (1983). The Court finds this issue improper for resolution on a motion to dismiss because a dispute exists as to whether the lease terminated at the time of the dispossessory warrant. The Plaintiff argues that the lease did terminate and that Defendant Williams should have been aware that all claims, including those for rental concession pay-backs, and any future rent allegedly allowed by the lease could have been determined at the time of the dispossessory hearing. (Compl., ¶ 87.) She cites <u>Atlanta J's, Inc.</u>, 237 Ga. App. at 416, and <u>International Biochemical Indus., Inc. v. Jamestown Mgmt. Corp.</u>, 262 Ga. App. 770, 774 (2003), to demonstrate Georgia courts' application of res judicata under these circumstances.

In both of those cases, however, the issue of future rent had been expressly decided by the prior judgment. In <u>Atlanta J's</u>, 237 Ga. App. at 415, the court found that because the plaintiff had filed a suit for writ of possession and "expressly declined to seek judgment for any amounts due under the lease," the issuance of the writ disposed of the other action seeking amounts due under the lease. <u>Id.</u> at 418. Conversely, in <u>Jamestown Mgmt. Corp</u>, 262 Ga. App. at 773, where a lessor filed a dispossessory action against the lessee, the court found that res judicata did not apply because the provisions of the lease agreement expressly did not require the lessor to "seek past and future rent in one claim." <u>Id.</u> at 773. As the Georgia Court of Appeals explained in that case:

> Although the general rule is that when a landlord evicts a tenant and takes possession of the premises, the lease is terminated and the right to claim rent which accrues after eviction is extinguished, the parties to a lease may contract to hold the lessee liable for post-eviction rent.

<u>Id.</u> Here because the parties dispute whether the lease terminated at the time of the dispossessory action and the lease agreement has not been presented for the Court's evaluation, it is inappropriate to address this claim on a motion to dismiss.

her employer and the state magistrate court judge regarding this garnishment proceeding.  See 15 U.S.C. §§ 1692b; 1692c(b).  Section 1692b regulates the means by which a debt collector can contact any person other than the consumer for the purpose of obtaining location information.  Section 1692c then places restrictions on the debt collector's communication with third parties for any other reason.  The statute provides, in pertinent part, that:

> [W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added).  By its plain terms, this section permits a debt collector to communicate with a third party "to effectuate a postjudgment judicial remedy."   The Defendants thus argue that the prohibition on third party communications does not apply to a service of process on a garnishee or communication with a magistrate judge pursuant to a state garnishment proceeding.[4]

---

[4]The Defendants cite Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp. 2d 1188 (D. Or. 2002) in support of their contention that the pursuit of legal remedies does not violate the FDCPA.  Hulse involved a foreclosure on a trust deed, however, and the court made clear that the FDCPA did not apply under such circumstances because "foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." Id. at 1204.  This case is thus inapplicable to the present facts.

The Defendants could not have been effectuating judicial remedy, however, if the Plaintiff had already paid the debt.  Indeed, in defining "debt" for the purpose of identifying the scope of the FDCPA's application, the statute draws no distinction between those obligations that have been reduced to judgment and those that have not.  <u>See</u> 15 U.S.C. § 1692a(5).  In other words, the fact that the Defendants obtained a judgment in this case does not exempt them from the strictures of this law.  Moreover, section 1692c(b) permits only third party communications that are "reasonably necessary" to effectuate judgment.  If, as the Plaintiff claims, she had already paid the judgment, then it was not necessary for the Defendants to contact her employer.

The Court finds <u>Pearce</u>, 738 F. Supp. at 334, illustrative on this point.  There, after a consumer bounced several checks at a grocery store, a debt collection agency issued letters to her and her bank threatening civil suit if the debt was not paid.  <u>Id.</u> at 336.  The consumer brought a claim asserting, *inter alia*, that by contacting her bank, the debt collector had violated section 1692c.  In its analysis, the court cited the Congressional Report discussing this provision, which states that "a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer.  Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs."  <u>Id.</u> at 337 (<u>quoting</u> S. Rep. No. 95-382, reprinted at 1977 U.S. Code Cong. & Admin. News 1695, 1699).  The court

found that no violation of this section had occurred under these circumstances because: (1) there was no chance that the letter was used to embarrass the plaintiff or that it would invade his privacy or result in the loss of employment; and (2) the defendant had a legitimate reason for contacting the bank, since it was at least partly liable for the money owed.  Id. at 337.

The facts in this case are distinct from those in Pearce because, here, the potential exists that the letter was sent to the Plaintiff's employer for the purpose of embarrassing her and that its issuance could affect her employment.  (Compl. ¶¶ 58-59.)  Moreover, as discussed above, she disputes the accuracy of the letter and alleges that she had already paid the debt.  The Court thus finds that her claim arising out of this garnishment letter to her employer is sufficient and should not be dismissed.

The Court does not find, however, that the same concerns exist with respect to the letter sent to the magistrate court. The magistrate judge already knew that a judgment existed against the Plaintiff, and this letter thus could not have embarrassed her or affected her employment.  Accordingly, the Court concludes that the Plaintiff has sufficiently alleged that the Defendants violated section 1692c only by contacting her employer.

### 4. <u>15 U.S.C. § 1692d – Harassment or Abuse</u>

The Plaintiff claims that the Defendants violated the FDCPA's prohibition against conduct intended to "harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Without limiting the general application of this provision, this section lists six specific forms of conduct that constitute violations of the statute. The Eleventh Circuit further requires that claims under this provision be viewed, "from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1179 (11th Cir. 1985). What is determinative under this statute is not the debt collector's intent, but the natural consequence of his actions. <u>See</u> <u>Horkey v. J.V.D.B. & Assocs., Inc.</u>, 333 F.3d 769, 774 (7th Cir. 2003). Here, the Complaint alleges that the Defendants' actions "were intended to and did in fact harass, oppress and abuse" the Plaintiff. The Defendants argue that this claim should fail as to the garnishment proceeding because the Plaintiff did not dispute the amounts the Defendants alleged to be due. (Defs.' Mot. to Dis., at 11.) As discussed above, the Court finds that the Plaintiff did dispute the accuracy of the amounts the Defendants claimed in the garnishment proceeding. Viewed in the light most favorable to the non-moving party, the Court finds that the Plaintiff has sufficiently

alleged that the Defendants' debt collection activities were performed with the intent to harass, oppress, or abuse her.  Dismissal of this claim is thus inappropriate.

### 5. 15 U.S.C. § 1692f – Unfair Practices

Section 1692f prohibits a debt collector from using unfair or unconscionable means in attempting to collect a debt.  The statute includes eight subsections providing specific conduct that violates this section.  The Plaintiff here alleges that unfair or unconscionable means were employed by the Defendants through (1) the filing of the garnishment proceeding, (2) Defendant PDQ's April 27, 2006 letter, (3) Defendant Smart and PDQ's May 15, 2006 letter, and (4) the filing of the Suit on Account. However, the Plaintiff does not identify which, if any, of these eight provisions the Defendants violated through these actions.  This alone is not fatal to her claims since this section "may provide a cause of action for conduct that is not specifically listed in that section or any other provision of FDCPA." Foti v. NCO Financial Sys., Inc., 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006); see also McGrady v. Nissan Motor Acceptance Corp., 40 F. Supp. 2d 1323, 1337 (M.D. Ala. 1998) ("Section 1692f provides a nonexhaustive list of types of conduct which violate § 1692f.").  A complaint will be deemed deficient under this provision, however, if it "does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."  Foti, 424 F. Supp. 2d at 667; see also Tsenes v. Trans-Continental

Credit and Collection Corp., 892 F. Supp. 461, 466 (E.D.N.Y. 1995).  Here, as

discussed above, the Complaint alleges that the garnishment proceeding, Defendant

Smart's letter, and the Suit on Account violated other provisions of the FDCPA.  Her

failure to specifically identify how this conduct was also unfair or unconscionable

under section 1692f warrants dismissal of this claim.[5]

The Plaintiff also alleges that the Defendants violated section 1692f by having

the April 2006 garnishment letter sent by PDQ rather than Williams, "so as to lessen

the chance that the Plaintiff would accept the letter and, therefore, learn of the

Garnishment and possibly contest the Garnishment through a Traverse."  (Compl., ¶

54.)  The Plaintiff fails to explain how this conduct violates the FDCPA.  Indeed,

because Dupont Place presented the state court judgment to PDQ for collection, it was

not unreasonable, much less unfair or unconscionable, for PDQ to send the

garnishment letter.  This claim should be dismissed.

   B. O.C.G.A. § 18-4-64

The Plaintiff also brings a state law claim alleging that the Defendants failed

to provide her with proper notice of the garnishment.  Specifically, she claims that

Defendant PDQ's letter to her did not comply with the statute's requirement that

---

[5]However, the Plaintiff may seek leave to amend these claims and add specific
allegations.  See Foti, 424 F. Supp. 2d at 667 n.33; Tsenes, 892 F. Supp. at 466.

written notice include "a statement that a garnishment against the property and credits of the defendant has been or will be served on the garnishee." O.C.G.A. § 18-4-64(c). Despite the fact that the Defendants have moved to dismiss all claims, they do not address this claim in anyway. Accordingly, their motion is denied as to this claim.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Defendants' Motion to Dismiss [Doc. 2] is GRANTED in part and DENIED in part.

SO ORDERED, this 23 day of February, 2007.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge